**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| STEPHANIE GUNTS,<br>CHRISTOPHER GUNTS AND<br>JIMMY BRADY,<br>**Plaintiffs,**<br><br>v.<br><br>NICHAS, LLC,<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: |

# COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, by and through undersigned counsel, bring this Collective Action against Defendant for unpaid minimum wages and unpaid overtime wages against Defendant, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–216. In support of their claims, Plaintiffs allege as follows:

## Parties

1. Plaintiffs include Stephanie Gunts, Christopher Gunts and Jimmy Brady (collectively, "Plaintiffs").

2. Plaintiffs reside and worked in Pasco County, Florida.

3. Defendant is a company engaged in the renovation, maintenance, and preparation of residential properties for sale or rental and doing business in Pasco County, Florida.

## Jurisdiction and Venue

4. This Court has federal question jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this District and all acts complained of occurred in Pasco County, Florida.

6. At all times material, Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s), with annual gross revenues exceeding $500,000.00.

## Facts

7. Plaintiff Stephanie Gunts was employed by Defendant from approximately May 7, 2026 until approximately June 26, 2026.

8. Plaintiff Christopher Gunts was employed by Defendant from approximately July 25, 2025 until approximately August 11, 2026.

9. Plaintiff Jimmy Brady was employed by Defendant from approximately April 9, 2026 until approximately July 18, 2026.

10. Plaintiffs performed renovation, remodeling, painting, cleaning, maintenance, handyman, and other property-related work for Defendant.

11. Plaintiffs' primary duties included painting, remodeling, cleaning out properties, property maintenance, and performing the work necessary to renovate and prepare residential properties for sale or rental.

12. Plaintiffs were non-exempt employees under the FLSA.

13. Throughout their employment, Plaintiffs regularly worked around 55 to 60 hours per week.

14. Based on the information currently available to Plaintiffs, each Plaintiff worked substantial hours during the relevant period, including hours for which they were not properly compensated. The precise number of hours worked by each Plaintiff will be determined through discovery.

15. Despite this, each Plaintiff received compensation far below the minimum wage and overtime requirements.

16. Plaintiff Stephanie Gunts worked for approximately two and one-half months performing renovation work and was paid approximately $400 in total for all hours worked during the entirety of her employment.

17. Plaintiff Christopher Gunts was not paid wages from approximately July 2025 through February 2026. Beginning in approximately February 2026, Defendant paid Christopher Gunts approximately $250 per week through Zelle. Defendant failed to make up the wages that had not been paid and instead made

promises concerning raises, profit sharing, ownership, financing, and other future benefits.

18. Plaintiff Jimmy Brady was employed as a handyman and was told that he would be paid a lump sum at the end of the job, at an amount that would be at least sufficient to satisfy minimum wage requirements. Jimmy worked approximately fifty-five (55) hours per week for approximately nine (9) weeks and was paid approximately $275 in total for all hours worked during the entirety of his employment.

19. Based upon Plaintiffs' good-faith estimates of hours worked, the compensation paid by Defendant resulted in effective hourly rates substantially below the applicable Federal minimum wage.

20. Defendant failed to maintain and/or provide complete payroll and time records, and Plaintiffs' calculations are based on available schedules, messages, and partial documentation.

21. As a result, Plaintiffs were not compensated at the applicable Federal minimum wage rate for all hours worked, and were also not paid overtime compensation required under federal law.

FLSA Minimum Wage Damages

22. Defendant failed to pay Plaintiffs at least the applicable federal minimum wage of $7.25 per hour for all hours worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206(a)(1)(C).

23. As described above, Plaintiffs performed substantial amounts of work for Defendant but received little or no compensation for their labor. Based on the information currently available, Plaintiffs were not paid the applicable federal minimum wage for all hours worked during their employment.

24. The precise amount of unpaid minimum wages owed to each Plaintiff will be determined through discovery, including review of Defendant's payroll records, schedules, payment records, and other relevant evidence.

25. Plaintiffs are entitled to recover the difference between the compensation actually received and the federal minimum wage required by the FLSA, together with liquidated damages, reasonable attorneys' fees, costs, and all other relief available under the FLSA.

FLSA Overtime Damages

26. In addition to minimum wage violations, Plaintiffs regularly worked in excess of forty (40) hours per workweek during the relevant period.

27. Defendant failed to pay Plaintiffs overtime compensation at one-and-one-half (1.5) times their regular rate of pay for all hours worked over forty (40) per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

28. Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages, and all other relief available under the FLSA, with the precise amount of overtime damages to be determined through discovery based on Defendant's payroll and scheduling records.

29. Defendant maintained policies that failed to properly compensate Plaintiffs for all hours worked.

30. Defendant's conduct was willful and in reckless disregard of the FLSA.

31. Defendant did not pay Plaintiffs overtime wages for hours worked beyond 40 in a single workweek.

32. At all times relevant to this action, Plaintiffs worked for Defendant and performed services for Defendant in Pasco County, Florida.

33. Plaintiffs desired to be paid overtime wages for all hours worked beyond 40 in a single workweek, as required by the FLSA.

34. Defendant engaged in an illegal policy of suffering and permitting Plaintiffs to work and did not pay Plaintiffs the complete wages for all hours worked by Plaintiffs.

35. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiffs premium wages for all overtime hours worked while employed by Defendant in an effort to extract work from Plaintiffs without compensating Plaintiffs for the work provided. Essentially, Defendant engaged in involuntary servitude.

36. As of this filing, Plaintiffs still have not been paid the entirety of their wages and have not been compensated for the full extent of their damages and wage loss under the FLSA.

37. Plaintiffs seek full compensation, including unpaid overtime wages, unpaid minimum wages, back pay, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiffs overtime wages was a calculated attempt to extract additional work out of Plaintiffs for the benefit of Defendant.

38. Defendant is a for-profit corporation that operates and conducts business in, among others, Pasco County, Florida, and is therefore, within the jurisdiction of the Court.

39. Defendant, at all relevant times to this complaint, was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

40. This action is brought under the FLSA to recover from Defendant unpaid wages in the form of unpaid overtime wages, unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

41. The Court has jurisdiction over Plaintiffs' claims as all material events transpired in Pasco County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

42. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiffs' experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the residential remodeling industry. Accordingly, Plaintiffs allege that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce. Specifically, Defendant regularly communicated with out-of-state vendors, entities, and persons in the normal course and scope of its business. Materials, supplies, equipment, and other goods used in the renovation, maintenance, and preparation of properties traveled in interstate commerce to Florida in connection with Defendant's business operations.

43. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiffs with providing even greater specificity regarding the precise number of hours worked by Plaintiffs during each week of their employment.

44. Plaintiffs have been financially damaged by Defendant's failure to properly compensate Plaintiffs for all hours worked.

Collective Action Allegations

45. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of themselves and all other similarly situated employees of Defendant.

46. The putative collective consists of three (3) former employees who were subject to the same or substantially similar unlawful pay practices, including the failure to properly compensate employees for all hours worked and the failure to pay required minimum and overtime wages.

47. These employees worked in excess of forty (40) hours per week and were not properly compensated for overtime or minimum wages.

48. Defendant knew or acted with reckless disregard that these employees were not properly compensated, yet failed to pay them the wages legally owed.

49. Defendant is in exclusive possession of payroll records, timekeeping records, schedules, and other documents necessary to identify the collective and calculate the unpaid wages owed to each member.

50. Notice should be sent to all similarly situated employees so that they may assert their rights under the FLSA.

51. Plaintiffs' experiences are typical of the experiences of other employees of Defendant, and a collective action is appropriate because the employees are "similarly situated" within the meaning of 29 U.S.C. § 216(b).

**COUNT I – UNPAID MINIMUM WAGES UNDER FLSA**

52. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-51, above.

53. Plaintiffs were employed by Defendant and were, at all times relevant to this action, non-exempt employees protected by the FLSA.

54. Defendant violated the FLSA, 29 U.S.C. § 206(a)(1)(C), by failing to pay Plaintiffs at least the federal minimum wage of $7.25 per hour for all hours worked.

55. Plaintiffs were not compensated at a rate sufficient to meet the federal minimum wage for all hours worked during their employment with Defendant.

56. Plaintiffs were damaged as a result of Defendant's failure to pay the federal minimum wage required under the FLSA.

57. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to recover their unpaid minimum wages, an equal amount as liquidated damages, reasonable attorney's fees, costs, and all other relief available under the FLSA.

58. Plaintiffs demand a jury trial.

**COUNT II – UNPAID OVERTIME WAGES UNDER FLSA**

59. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-51 above.

60. Plaintiffs were employed by Defendant and were, at all times, protected by the FLSA.

61. Defendant violated the FLSA by failing to compensate Plaintiffs for all hours worked in excess of forty (40) per week at one-and-one-half times their regular rate of pay.

62. Plaintiffs regularly worked over forty (40) hours per week and were not paid overtime for these hours.

63. Plaintiffs were damaged as a result of Defendant's failure to pay overtime wages.

64. Plaintiffs were entitled to receive one-and-one-half times their regular rate for all hours worked beyond 40 in a single work week.

65. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to payment of the unpaid overtime wages, liquidated damages, attorney's fees, and costs.

66. Plaintiffs demand a jury trial.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for unpaid minimum wages under the FLSA, unpaid overtime wages under the FLSA, liquidated damages, reasonable attorneys' fees and costs, and all other relief to which Plaintiffs may be entitled under applicable law.

DATED November 18, 2026.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com